THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY DEMAND** |
| v. | ) | |
| | ) | **1:19-CV-3853** |
| GEORGIA POWER COMPANY | ) | |
| | ) | |
| Defendant | | |

## COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, GEORGIA POWER COMPANY and Plaintiff states as follows:

### CAUSE OF ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Georgia Power Company (hereinafter, GPC), to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of GPC.

2. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. § 227 et seq. The TCPA prohibits unsolicited voice and text calls to cell phones.

## JURISDICTION

3. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

6. Defendant GPC is a domestic company with a corporate headquarters located at 241 Ralph McGill Blvd N.E. Bin 10180, Atlanta, GA 30308-3374

7. At all relevant times, Defendant has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity...(a) to store or produce telephone numbers to be called, using a random or sequential number

2

generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10. According to findings by the Federal Communications Commission (FCC), such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

11. Defendant has sent out thousands of unlawful text messages in violation of the TCPA. Be effectuating these unauthorized text message calls (also known as "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because consumers frequently have to pay their cell phone service

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

providers for the receipt of such spam and such messages diminish cellular battery life, waste data storage capacity, and are an intrusion upon seclusion.

12. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones.

13. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

## A BRIEF OVERVIEW OF TEXT MESSAGING

14. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120-150 characters.

15. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

16. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text

message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

18. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

19. Text messages are "calls" within the context of the TCPA. See…*Satterfield v. Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009)*.

## FACTUAL ALLEGATIONS

20. On October 4, 2018 Plaintiff began to receive automated messages from Defendant GPC all coming from short code #427697 on his cellular phone. Some of the text message stated as follows:

**Gapowr. You have $11.92 on your account at 415 Fairburn, approx. 1 days remain based on daily usage of 41kwh. Pay at gp.mypay.cc/pp**

**Gapowr. You have a balance of $2.46. You can pay at gp.mypay.cc/pp Acct 32309-49222 access code 388517**

**Gapowr. You have a balance of $1.83. You can pay at gp.mypay.cc/pp Acct 32309-49222 access code 388517**

> Gapowr. You have $23.07 on your account at 415 Fairburn, approx. 3 days remain based on daily usage of 39kwh. Pay at gp.mypay.cc/pp
>
> Gapowr. You have $8.71 on your account at 415 Fairburn, approx. 1 days remain based on daily usage of 32kwh. Pay at gp.mypay.cc/pp

21. Plaintiff has received at least 42 (forty-two) unsolicited text messages and GPC has never contacted Plaintiff to obtain his express consent to receive such calls to his wireless number.

22. Upon information and belief, all of the calls Defendant placed to Plaintiffs cellular phone were placed using an "automatic telephone dialing system" (hereinafter, "auto-dialer"), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1)

23. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones. Defendant GPC has sent unwanted text messages in a manner which violates the right of privacy of all consumers.

24. Plaintiff has never provided his cellular phone number to the Defendant or given his prior express consent to be called, whether on his own or on behalf of any third party.

## COUNT I-TCPA
## VIOLATIONS OF THE ("TCPA") 47 U.S.C. SECTION 227, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Using an auto-dialer and without prior express written consent, the Defendant GPC contacted the Plaintiff at least forty-two (42) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

27. The phone calls were made to Plaintiff without the number being provided to Defendant, and without the prior express consent of Plaintiff.

## PRAYER FOR RELIEF

a) As a result of Defendant's violations of 47 U.S.C. section 227et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. section 227(b)(3);

b) Assessing against GPC, all costs incurred by the Plaintiff; and;

c) Awarding such other relief as justice and equity may require.

Respectfully submitted,

*[signature]*
Proceeding Pro Se
Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com
678-650-3733