**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **RICKY R. FRANKLIN** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil File Action No.:** |
| | ) **1:19-cv-03853 – MLB** |
| | ) |
| **GEORGIA POWER COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT GEORGIA POWER COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Georgia Power Company ("Georgia Power") hereby submits its

Answer and Affirmative Defenses and General Defenses to Plaintiff's Complaint

("Complaint"), showing this Court as follows:

**AFFIRMATIVE DEFENSES AND GENERAL DEFENSES**

At the time of preparation of this Answer, Georgia Power is unaware of all

the facts and circumstances giving rise to the claims set forth in the Complaint. The

following affirmative defenses and general defenses are raised so as to not be waived

as a matter of law. These defenses will be relied upon to the extent the facts

developed show they apply.

## FIRST DEFENSE

The Complaint, and each of its purported causes of action, fails to state facts sufficiently to constitute a cause of action against Georgia Power. Among other things, Plaintiff fails to include any non-conclusory allegations in support of his assertion that Georgia Power used an automatic telephone dialing system, as defined by the Telephone Consumer Protection Act ("TCPA").

## SECOND DEFENSE

Plaintiff lacks standing (whether Constitutional or prudential) to maintain the instant cause of action for failure to suffer a concrete injury from any single telephone call and/or text message allegedly made in violation of the TCPA.

## THIRD DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim under the TCPA, because the owner and/or regular user of the telephone number at issue consented to any alleged calls received, and Georgia Power reasonably relied upon that consent in making any alleged calls and/or text messages relevant to this suit.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Georgia Power's actions were taken in good faith and in conformity with the TCPA, any and all applicable statutory regulatory provisions, and any and all applicable advisory

opinions of regulatory agencies.  Georgia Power has not acted with negligence, malice or willful intent to injure Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims are barred because Georgia Power did not directly send the text messages at issue and is thereby not the maker of the alleged text messages.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or release.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Georgia Power has complied with all requirements of the TCPA applicable to it.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to add all indispensable parties.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate damages.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because no act or failure to act on the part of Georgia Power proximately caused any actual or other damages.

## **ELEVENTH DEFENSE**

Georgia Power intends to rely upon all proper defenses available to it at trial. In light of the fact that discovery has not been had in this matter, Georgia Power asserts the affirmative defenses set forth at Federal Rule of Civil Procedure 8(c). Once discovery is complete, Georgia Power will amend this Answer to remove any defenses that are not warranted.

## **TWELFTH DEFENSE**

Without waiving any of the above-asserted affirmative defenses, Georgia Power responds to Plaintiff's allegations as follows:

### **RESPONDING TO SECTION TITLED "CAUSE OF ACTION"**

1.      Georgia Power admits that Plaintiff seeks damages from Georgia Power but denies that he is entitled to any relief requested, or any relief whatsoever. Upon information and belief, Georgia Power admits Plaintiff is a resident of Henry County, Georgia, where he receives electric service from Georgia Power. The telephone number associated with his account is the telephone number used by Plaintiff in his signature block below. The text messages at issue in this case were not sent to that telephone number. Plaintiff's Complaint fails to allege to which telephone number text messages were sent or that he is the owner or regular user of such telephone number.

2.     Georgia Power admits that Plaintiff seeks damages from Georgia Power for alleged violations of the TCPA, which speaks for itself, but denies that Plaintiff is entitled to any relief requested, or any relief whatsoever, and further denies all remaining allegations of Paragraph 2.

## RESPONDING TO SECTION TITLED "JURISDICTION"

3.     Georgia Power admits this Court has subject matter jurisdiction over Plaintiff's Complaint.

4.     Georgia Power admits this Court is a proper venue for Plaintiff's Complaint.

## RESPONDING TO SECTION TITLED "PARTIES"

5.     Georgia Power admits the allegations of Paragraph 5 upon information and belief.

6.     Georgia Power admits the allegations of Paragraph 6.

7.     Georgia Power admits it lawfully conducts business within the state of Georgia.

## RESPONDING TO SECTION TITLED "THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C. 8227"

8.     The acts of Congress speak for themselves.  Georgia Power denies all remaining allegations of Paragraph 8.

9.     The TCPA speaks for itself.   Georgia Power denies all remaining allegations of Paragraph 9.

10.     The writings of the Federal Communications Commission speak for themselves.  Georgia Power denies all remaining allegations of Paragraph 10.

11.     Georgia Power denies the allegations of Paragraph 11.

12.     Georgia Power admits that Plaintiff has filed suit under the TCPA, which speaks for itself, but denies that Plaintiff is entitled to any relief requested, or any relief whatsoever, and further denies all remaining allegations of Paragraph 12.

13.     Paragraph 13 contains no allegations against Georgia Power, requiring no response. To the extent Paragraph 13 makes allegations against Georgia Power, Georgia Power denies those allegations.

**RESPONDING TO SECTION TITLED**
**"A BRIEF OVERVIEW OF TEXT MESSAGING"**

14.     Paragraph 14 contains no allegations against Georgia Power, requiring no response. To the extent Paragraph 14 makes allegations against Georgia Power, Georgia Power denies those allegations.

15.     Paragraph 15 contains no allegations against Georgia Power, requiring no response. To the extent Paragraph 15 makes allegations against Georgia Power, Georgia Power denies those allegations.

16.     Paragraph 16 contains no allegations against Georgia Power, requiring no response. To the extent Paragraph 16 makes allegations against Georgia Power, Georgia Power denies those allegations.

17.     Paragraph 17 contains no allegations against Georgia Power, requiring no response. To the extent Paragraph 17 makes allegations against Georgia Power, Georgia Power denies those allegations.

18.     Paragraph 18 contains no allegations against Georgia Power, requiring no response. To the extent Paragraph 18 makes allegations against Georgia Power, Georgia Power denies those allegations.

19.     *Satterfiled v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) speaks for itself.  Georgia Power denies all remaining allegations of Paragraph 19.

## **RESPONDING TO SECTION TITLED "FACTUAL ALLEGATIONS"**

20.     Plaintiff's Complaint fails to allege to which telephone number text messages were sent or that he is the owner or regular user of such telephone number, as such, Georgia Power lacks sufficient information to admit or deny whether Plaintiff received the text messages at issue; therefore, Georgia Power denies this allegation. Georgia Power admits that its records reflect text messages were sent from "427697" to the telephone number ending in "4934" (which differs from the

telephone provided in Plaintiff's signature block in the Complaint) on the following

dates and containing the following messages:

| | |
|---|---|
| 10/04/18 | GaPowr: You have $11.92 on your account at 415 FAIRBURN , approx 1 days remain based on daily usage of 41 kWh. Pay at gp.mypay.cc/pp Reply STOP to stop texts |
| 10/07/18 | GaPowr: You have a balance of -$2.46. You can pay at gp.mypay.cc/pp Acct 32309-49222 access code 388517 Reply STOP to stop texts |
| 10/11/18 | GaPowr: You have a balance of -$1.83. You can pay at gp.mypay.cc/pp Acct 32309-49222 access code 388517 Reply STOP to stop texts |
| 10/13/18 | GaPowr: You have $23.07 on your account at 415 FAIRBURN , approx 3 days remain based on daily usage of 39 kWh. Pay at gp.mypay.cc/pp Reply STOP to stop texts |
| 10/28/18 | GaPowr: You have $8.71 on your account at 415 FAIRBURN , approx 1 days remain based on daily usage of 32 kWh. Pay at gp.mypay.cc/pp Reply STOP to stop texts |

Georgia Power lacks sufficient information to admit or deny whether the

telephone number ending in "4934" is a cellular telephone belonging to Plaintiff;

therefore, Georgia Power denies this allegation. Georgia Power denies all remaining

allegations in Paragraph 20.

21.    Plaintiff's Complaint fails to allege to which telephone number text

messages were sent or that he is the owner or regular user of such telephone number,

as such, Georgia Power lacks sufficient information to admit or deny whether

Plaintiff received the text messages at issue; therefore, Georgia Power denies this

allegation. Georgia Power admits that its records reflect forty-two text messages were delivered to the telephone number ending in "4934" between October 4, 2018 and November 27, 2018, *see* (Doc. 3 at ¶ 20), which number is associated with a Georgia Power account for which Georgia Power has consent to contact via text message. Georgia Power reasonably relied upon that consent. Georgia Power admits that its records do not reflect it contacted Plaintiff for the purpose of sending text messages to the telephone number ending in "4934". Georgia Power denies all remaining allegations in Paragraph 21.

22.     Georgia Power denies the allegations of Paragraph 22.

23.     Georgia Power admits that Plaintiff has filed suit under the TCPA but denies that Plaintiff is entitled to any relief requested, or any relief whatsoever, and further denies all remaining allegations of Paragraph 23.

24.     Plaintiff's Complaint fails to allege to which telephone number text messages were sent or that he is the owner or regular user of such telephone number, as such, Georgia Power lacks sufficient information to admit or deny whether Plaintiff received the text messages at issue; therefore, Georgia Power denies this allegation. Georgia Power admits that the telephone number listed in Plaintiff's signature block in the Complaint is not associated in Georgia Power's records with the account for which text messages were sent to the telephone number ending in

"4934". Georgia Power denies, however, that Plaintiff has not provided consent to Georgia Power for any calls, including those related to Plaintiff's own account with Georgia Power for which Plaintiff provided the telephone number ending in "3733", which appears in Plaintiff's signature block in the Complaint.

## RESPONDING TO SECTION TITLED "COUNT I-TCPA VIOLATIONS OF THE ("TCPA") 47 U.S.C. SECTION 227, et seq."

25.     Georgia Power incorporates by reference its responses to all preceding Paragraphs of Plaintiff's Complaint.

26.     Georgia Power denies the allegations of Paragraph 26.

27.     Georgia Power denies the allegations of Paragraph 27.

## RESPONDING TO SECTION TITLED "PRAYER FOR RELIEF"

Georgia Power denies Plaintiff is entitled to the relief requested from Georgia Power in the Paragraph beginning with "WHEREFORE." Having fully answered the Complaint, Georgia Power respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice at Plaintiff's cost, including reasonable attorneys' fees of this action, and granting Georgia Power such other relief as it deems just, equitable, and proper.

## <u>ANSWERING PLAINTIFF'S COMPLAINT AS A WHOLE</u>

Georgia Power denies all allegations contained in Plaintiff's Complaint not expressly admitted, denied, or neither admitted or denied for lack of information to form a belief.

Respectfully submitted this 4th day of December, 2020.

*/s/ M. Anne Kaufold-Wiggins*
M. Anne Kaufold-Wiggins
Georgia Bar No. 142239
**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656
awiggins@balch.com

*Counsel for Defendant Georgia Power Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served via U.S. Mail

First Class, postage prepaid to the following on this the 4th day of December, 2020:

Ricky R. Franklin, *pro se*
708 Brambling Way
Stockbridge, Georgia 30281

*/s/ M. Anne Kaufold-Wiggins*
M. Anne Kaufold-Wiggins
Georgia Bar No. 142239