# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil File Action No.: |
| ) | 1:19-cv-03853 - MLB |
| GEORGIA POWER COMPANY, ) | |
| ) | |
| Defendant. ) | |

## CONSENT MOTION TO STAY PENDING RULING OF THE UNITED STATES SUPREME COURT IN *FACEBOOK, INC. V. DUGUID*

Plaintiff Ricky L. Franklin ("Franklin") and Defendant Georgia Power Company ("GPC") (collectively, the "Parties") hereby move the Court for an Order to Stay the action pending ruling of the United States Supreme Court in *Facebook, Inc. v. Duguid*. The grounds for this Motion are set forth as follows:

The Supreme Court of the United States granted a petition for a writ of certiorari on July 9, 2020 to decide an issue critical to the merits of this action: "[w]hether the definition of [an automatic telephone dialing system ('ATDS')] in the [Telephone Consumer Protection Act ("TCPA")] encompasses any device that can 'store' and 'automatically dial' telephone numbers, *even if* the device does not 'us[e] a random or sequential number generator.'" *Facebook, Inc. v. Duguid*, 2020 WL 3865252, at *1 (U.S. July 9, 2020), *cert. granted* to Question 2 presented by the

1

petition, 2019 WL 5390116 at ii (U.S. Oct. 17, 2019) (emphasis added). "Because the threshold issue" presented by Plaintiff's TCPA claims against Georgia Power Company ("GPC") "is whether [GPC's dialing] system is an autodialer," prudence and judicial economy dictate a stay here is warranted pending the Supreme Court's decision in *Facebook*. *Gary v. TrueBlue, Inc.*, No. 17-cv-10544, 2018 WL 3647046, at * 6 (E.D. Mich. Aug. 1, 2018).

All parties and *amici* have fully briefed the issues presented in *Facebook* and additionally conducted oral argument before the Supreme Court on December 8, 2020. As such, the Court and the Parties here can reasonably anticipate an imminent ruling in *Facebook*, which will issue, in any event, prior to the end of this October Term in June 2021. As such and as set forth below, a stay is appropriate here as it will preserve judicial economy, prevent hardship to GPC, and will not prejudice Franklin.

## Background and Introduction

Franklin filed his Complaint on August 26, 2019, (Doc. 3), asserting one cause of action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") against GPC. Franklin's claim turns on whether GPC placed telephone calls to him using an "automatic telephone dialing system" ("ATDS") as defined by the TCPA. *See* Complaint, pp. 6–7, ¶¶ 22, 26.

In the last three years, a circuit split has developed regarding the interpretation of the statutory definition of an ATDS set forth in the TCPA. The Eleventh Circuit has held that the statutory definition of an ATDS requires that equipment must use randomly or sequentially generated numbers and not require human intervention. *See Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1311 (11th Cir. 2020). The Third and Seventh Circuits have each reached the same conclusion. *See Dominguez v. Yahoo, Inc.*, 894 F.3d 1116, 1121 (3d Cir. 2018) (holding equipment must have capacity to generate random or sequential telephone numbers to be an ATDS); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 466 (7th Cir. 2020) (same); *see also ACA Int'l v. Federal Commc'ns Comm'n*, 885 F.3d 687, 697 (D.C. Cir. 2018) (concluding that the FCC's interpretation of ATDS was impermissible because it rendered every smartphone, which can dial from stored list, an ATDS).

These Circuits' interpretation of the statutory definition of an ATDS, however, directly conflicts with that of the Second, Sixth, and Ninth Circuits. *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1043 (9th Cir. 2018) (holding that "the statutory definition of an ATDS includes a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator"); *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 281 n.5 (2d Cir. 2020) (holding that equipment need not have capacity to generate

3

random or sequential telephone numbers if it can dial from a stored list of numbers); *Allan v. Pennsylvania Higher Educ. Assistance Agency*, No. 19-2043, 2020 WL 4345341, at 1 (6th Cir. July 29, 2020) (same).

The Supreme Court agreed to resolve this split when it granted certiorari to decide "[w]hether the definition of [an automatic telephone dialing system ('ATDS')] in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" *Facebook, Inc. v. Duguid*, 2020 WL 3865252, at *1 (U.S. July 9, 2020), *cert. granted* to Question 2 presented by the petition, 2019 WL 5390116 at ii (U.S. Oct. 17, 2019).

The scope and meaning of an ATDS is a "threshold issue" in this case, because Franklin alleges that GPC called him using an ATDS—an allegation GPC denies. *Gary*, 2018 WL 3647046, at * 6. Accordingly, GPC requests that this Court briefly stay this action pending a ruling from the Supreme Court in *Facebook*. Franklin will suffer no prejudice from a stay. However, a stay would conserve both the parties' and the Court's time and resources.

## Argument and Citations of Authority

The Supreme Court has made clear that "[this C]ourt has control over its own docket," which necessarily includes the discretion to "hold one lawsuit in abeyance

4

to abide the outcome of another." *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 216 (1937) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) (Cardozo, J.) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")). The Eleventh Circuit has further explained that "[a] variety of circumstances may justify a district court stay pending the resolution of a related case in another court." *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)). In particular, "[w]here 'a federal appellate decision . . . is likely to have a substantial or controlling effect on the claims and issues,' a stay may be warranted." *See Luster v. Jewelers*, No. 1:15-CV-2854-WSD, 2015 WL 9255553, at *2 (N.D. Ga. Dec. 17, 2015) (quoting *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)).

In fact, "[s]uch stays are entered quite routinely." *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006). Indeed, courts across the country have already entered stays in similar cases pending the *Facebook* decision. *See, e.g.*, *Ulery v. AT&T Mobility Servs.*, LLC, No. 20-CV-02354-PAB-KMT, 2020 WL 7333835, at *1 (D. Colo. Dec. 12, 2020) (noting that the pending decision in *Facebook* will clarify the meaning of ATDS and "is likely to simplify a critical legal

5

issue" and focus discovery); *Seefeldt v. Entm't Consulting Int'l, LLC*, No. 4:19-CV-00188-MTS, 2020 WL 4922371, at *1 (E.D. Mo. Aug. 21, 2020) (granting stay to await "much-needed clarity from the Supreme Court on the definitional problem at issue in [*Facebook*]"); *Sealey v. Chase Bank (U.S.A.), N.A.*, No. 19-CV-07710-JST, 2020 WL 5814108, at *1 (N.D. Cal. Sept. 29, 2020); *Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2020 WL 5249263, at *1 (D. Ariz. Sept. 3, 2020); *Palmer v. KCI USA, Inc.*, No. 4:19CV3084, 2020 WL 6441268, at *5 (D. Neb. Nov. 3, 2020); *Creasy v. Charter Commc'ns, Inc.*, No. CV 20-1199, 2020 WL 5761117, at *7 (E.D. La. Sept. 28, 2020), *judgment entered*, No. CV 20-1199, 2020 WL 7646640 (E.D. La. Dec. 23, 2020) ("Because [*Facebook*] would illuminate an unsettled area of the law that is key to this case, and because a stay will promote judicial economy, conserve party resources, and increase the likelihood of a just and correct outcome, . . . a stay of these proceedings is warranted.).

In determining whether to exercise its discretion to stay a case pending the outcome of a related proceeding, "[t]he court may consider the burden that the supplicant for the stay may suffer if the stay is not granted . . . , and whether he will be prejudiced in presenting his defense in the action he wants to have stayed if it is not stayed, and to what extent resolution of the issues in the case he wants stayed will be controlled by, or substantially clarified by decisions made in the parallel

6

case." *In re Latimer*, 489 B.R. 844, 867 (Bankr. N.D. Ala. 2013); *see also Luster*, 2015 WL 9255553, at *3 (holding that a stay was warranted "to avoid unnecessary expenditures of time and resources" and "because there is a public interest in judicial economy and efficiency").

Each of the factors noted above weighs heavily in favor of a stay of the proceedings in this case. First, the Supreme Court's decision in *Facebook* will substantially clarify a key issue in this case. Specifically, if the Supreme Court holds that the statutory definition of ATDS is limited to those devices that use a random or sequential generator, as is already the law in the Eleventh Circuit, *see Glaser*, 948 F.3d at 1311, than the TCPA, as a matter of law, does not govern the calls alleged in Paragraph 22 of the Complaint, and Franklin's claim must fail.

With respect to efficiency and economy, on the one hand, if the Court does not stay this case pending the Supreme Court's decision, GPC would be required to defend Franklin's claims in this Court (and possibly even on appeal), only to have the Supreme Court potentially declare that Franklin's claims fail as a matter of law. "Accordingly, proceeding with the case despite the possibility of dismissal would be a waste of judicial resources." *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-CV-0011, 2011 WL 4056318, at *2 (D.N.J. Sept. 12, 2011) (granting

motion to stay pending Third Circuit's *en banc* decision in a related, dispositive case, which itself had been postponed pending a decision by the Supreme Court).

On the other hand, a moderate stay will not prejudice Franklin. There is no danger that evidence or witnesses may become lost or unavailable, and the conservation of judicial resources by awaiting the Supreme Court's decision will benefit not only GPC and the Court, but Franklin as well. Accordingly, as in *Luster*, "there is no indication that Plaintiff will suffer any prejudice for which a legal remedy would not suffice." *Luster*, 2015 WL 9255553, at *3 (quotation and alteration omitted). In other words, a brief stay would mean that even Franklin himself has everything to gain and nothing to lose. If the Supreme Court sides with the Eleventh Circuit's interpretation of the definition of ATDS, then everyone (Franklin included) will have been spared the unnecessary time and expense of prosecuting a case that was unviable from the outset. And if the Supreme Court decides the opposite, Franklin would be no worse off than he is now.

## Conclusion

The United States Supreme Court's decision in *Facebook* will provide critical guidance for this Court regarding the merits of this case. In the meantime, Defendants "ought not be put to the further expense of preparing for trial until the question[s] [presented] [are] decided definitively." *U.S. ex rel. Chandler v. Cook*

*Cty.*, 282 F.3d 448, 451 (7th Cir. 2002) (Ripple, J.) (granting motion to stay mandate pending Supreme Court's decision on petition for certiorari). At the same time, a brief stay will not prejudice Franklin. Accordingly, and for the reasons stated above, the Parties respectfully requests this Court to stay this action pending the Supreme Court's resolution of the Question Presented in *Facebook*.

Respectfully submitted this 26th day of January, 2021.

| | |
|---|---|
| */s/ Ricky R. Franklin* | */s/ M. Anne Kaufold-Wiggins* |
| *with express permission by M. Anne Kaufold-Wiggins* | M. Anne Kaufold-Wiggins |
| Ricky R. Franklin | Georgia Bar No. 142239 |
| 708 Brambling Way | Email:  awiggins@balch.com |
| Stockbridge, Georgia  30281 | Jonathan P. Hoffmann |
| Telephone:  (678) 650-3733 | (Admitted Pro Hac Vice) |
| Email:  rrfrank12@hotmail.com | Email:  jhoffmann@balch.com |
| | |
| *Plaintiff, Pro Se* | **Balch & Bingham LLP** |
| | 30 Ivan Allen Jr. Boulevard, N.W. |
| | Suite 700 |
| | Atlanta, Georgia 30308-3036 |
| | Telephone: (404) 962-3548 |
| | |
| | *Attorneys for Defendant Georgia Power Company* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via U.S. Mail First Class, postage prepaid and/or electronic mail to the following on this the 26th day of January, 2021:

>Ricky R. Franklin, *pro se*
>708 Brambling Way
>Stockbridge, Georgia 30281

>*/s/ M. Anne Kaufold-Wiggins*
>M. Anne Kaufold-Wiggins
>Georgia Bar No. 142239