# EXHIBIT B

# IN UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN, | § | |
| | § | |
| Plaintiff, | § | Case No. 1:19-CV-03853-MLB |
| | § | |
| v. | § | |
| | § | |
| GEORGIA POWER COMPANY, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT GEORGIA POWER  COMPANY'S FIRST INTERROGATORIES AND  REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RICKY  R. FRANKLIN

Defendant Georgia Power Company hereby propounds to Plaintiff Ricky R. Franklin the following Interrogatories and Requests for Production of Documents in accordance with Federal Rules of Civil Procedure 26, 33, and 34, to be answered and responded to within thirty (30) days after service (collectively, the "Requests"). These Requests in no way impact Georgia Power Company's forthcoming Motion for Summary Judgment (the "Motion"), which is due to be granted. Georgia Power Company issues these Requests to preserve its right to seek discovery as to facts that will become relevant if, and only if, Georgia Power Company's Motion is denied. In the event the Court grants Georgia Power Company the relief sought in its Motion, Franklin need not respond to these Requests.

## DEFINITIONS

1.    The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively so as to include any information within the scope of any of the items to which the conjunction "and/or" applies.  "And/or" is intended to expand, not narrow, a request.

2.    The term "any" or "all" means "each and every" as well as "any one."

3.    "Georgia Power" means Defendant Georgia Power Company and any agents, employees, and representatives acting on its behalf.

4.    "Communication" means any letter, telephone call, email, facsimile message, or anything intended to communicate, as well as any records relating to any such communication including, without limitation, facsimile logs, telephone message logs, telephone bills, etc.

5.    "Document" shall have the same meaning as in Federal Rule of Civil Procedure 34, and shall include, without limitation, all written or graphic matters of every kind and description, whether handwritten, typed, or otherwise produced or reproduced, whether draft or final, original or reproduction, in your actual or constructive possession, custody, or control, regardless of where located and however denominated by you including, but not limited to:  reports, statements, letters, correspondence, memoranda, notes, summaries, films, transcripts, contracts,

2

agreements, licenses, memoranda or notes of telephone conversations, personal conversations, or interviews, microfilms, telegrams, books, articles, bulletins, circulars, pamphlets, notices, rules, regulations, directives, teletype messages, communications, minutes of meetings, intraoffice or interoffice communications, working papers, desk calendars, appointment books, diaries, time sheets, logs, visual, audio, or video tapes, recordings, drawings, graphs, charts, photographs, telephone records, data processing results, printouts and computations (both in existence and stored in memory), and other data compilations from which information can be obtained and translated, if necessary, and in a reasonably usable form.

6.     The term "Document" shall also include all copies of each document if the copies contain any omission or additional writing or other marking or are not identical to the original in any manner whatsoever.

7.     "Identify" means, when used in reference to:

(a)     a natural person, to set forth such person's (1) full name, (2) present or last known business and residential address, (3) present or last known employer and position, and (4) employer and position at the time in question with respect to the particular interrogatory involved.

3

(b)    a person who is a business organization or other entity not a natural person, to set forth, (1) the full name of such organization, (2) the address of such organization, and (3) the form of such organization (for example, corporation, partnership, joint venture, etc.).

(c)    a document, to designate the production number, if previously produced, or to describe the document in sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or request or motion for production of such document, including, but not limited to, the type of document (i.e., "letter"), date, authority, and address; the name, address, and business of every person who has such document in his or her possession, custody, or control; and the location of such document.

(d)    a transaction, to state separately (1) its date and the place where it occurred, (2) its substance, (3) the identity of each person participating in the transaction, and (4) the identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the transaction.

(e)    any other subject, to provide particularity and specificity to the degree known by You.

8.    "Itemize" means to identify in detail (a) the amount, quantity or nature of the item; (b) the person or entity that is the source of the item, if applicable; (c)

4

the person or entity that is the recipient of the item, if applicable; and (d) the date on which the item or responsibility for creating and/or maintaining such item, as is applicable, came into existence.

9.      "Relating" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, supporting, summarizing, mentioning, including, concerning, and/or referring to, directly or indirectly.

10.     "Statement" means any written or recorded account of a person's knowledge of any of the facts of this case made or taken for use or possible use in the Instant Action without limitation, affidavits, signed or unsigned statements, audio or video recordings, or a letter purporting to memorialize or describe the comments of a person about the facts in the Instant Action.

11.     "You," "Your," and "Plaintiff' means Ricky R. Franklin and any agents, employees, attorneys, accountants, investigators, and representatives acting or purporting to act on Franklin or any other class member's behalf either individually or jointly.

12.     "Call" means any non-electronic mail or application based (e.g., an app push notification) communication sent to or received by a telephone (cellular, wireline, or otherwise). For example and without waiver, "call" includes calls, voice messages, and SMS text messages.

5

## INSTRUCTIONS

1.　　Documents shall be produced to the law offices of Balch & Bingham LLP, 30 Ivan Allen Jr. Boulevard, N.W., Suite 700, Atlanta, GA 30308.

2.　　**Time Period Covered:**　Unless otherwise specified, each request herein relates to, covers, and requests documents and information from November 1, 2016, to the present.

3.　　**Duty to Supplement:**　These interrogatories and requests shall be supplemented as required by Federal Rule of Civil Procedure 26(e) and by any applicable scheduling order entered in this case.

4.　　**Claims of Privilege:**　For each Document requested herein which you seek to withhold under a claim of privilege or work product, please provide the following information:

    a.　　The general format or description of the Document *(i.e.,* a letter, note, memorandum, etc.) as well as identification of any attachments or appendices to such Document;

    b.　　The approximate date of the Document;

    c.　　The name and title of each author or sender and the name and title of each recipient of the Document;

6

d.    The substance or subject matter of the Document;

e.    The name of each person (other than stenographic or clerical assistants) participating in the preparation    of the Document;

f.    The name and corporate position, if any, of each Person to whom the contents of the Document has heretofore been communicated by copy, exhibition, reading, or substantial summarization;

g.    The approximate length of the Document;

h.    A statement of the basis on which the privilege is claimed, and whether or not the subject matter or the contents of the Document is/are limited to legal advice or information provided for the purpose of securing legal advice; and

I.    The identity of all Persons or entities that have had access to such Document.

5.    **Missing, Destroyed or Lost Documents.**  If any Document to be produced was, but no longer is, in your possession, custody, or control or is no longer in existence, state whether the Document is: (1) missing or lost; (2) destroyed; (3) transferred to another, and if so, to whom; or (4) otherwise disposed of; and in each instance explain the circumstances surrounding and the authorization of such

7

disposition.

6. Non-Existence of Documents:  If there are no documents in existence as to a certain Document request, please expressly state this in your written response.

*See also* Instruction # 5 above.

7.     **Entire Documents:**  Where only a portion of a Document relates to or refers to the subject indicated, the entire Document along with all attachments, appendices and/or exhibits must nevertheless be produced.

8.     **Bates Stamped:** All documents shall be Bates stamped sequentially and produced sequentially.

9.     **Reference to Request:** When you produce documents, identify the paragraph in this Request for Production to which the documents respond.

## INTERROGATORIES

### 1.

Identify any and all cell phone numbers for which You are currently or have ever been the subscriber or regular user.  For each, please provide the following:

a.     The dates for which you were the subscriber or regular user;

b.     The telephone service provider or carrier;

8

c.    The account holder's name;

d.    Whether (and when) You received a call from Georgia Power on

such number; cellular telephone, and if the telephone number

has ever been assigned to a landline and subsequently ported

to a cellular telephone service, provide the dates on which the

number was ported;

f.    All other individuals with whom You share the telephone line or

who otherwise regularly use the telephone line; and

g.    If and when the telephone number was placed on the National Do

Not Call Registry.

**ANSWER: Plaintiff objects to this request as it is irrelevant, not likely to lead to discovery of admissible information, unduly burdensome, and improperly imposed for the sole purpose of harassment to the Plaintiff. Plaintiff further objects because this request is overly broad, disproportionate and particularly intrusive of personal privacy and Plaintiff has no way of remembering every phone number he has ever had nor any dates of the phone numbers obtained. Without waiving and subject to, these objections, Plaintiff states that during the relevant time...at the time of this lawsuit and currently his cellphone number is 678-650-3733 whose carrier is Spectrum and this number was place on the "do not call list" as early as 2015. At the relevant time of this lawsuit, Plaintiff also owned the phone number 404-287-4934 whose carrier is Metro pcs. Georgia power texted plaintiff at the 4934 number and this number was placed on the "do not call" list in October of 2018. Plaintiff does not have any records showing when he became the**

9

**owner of the 3733 number.  Additionally, Plaintiff started owning the number ending in 4934 in 2018.  Plaintiff does not and never has shared a phone number with anyone else.**

2.

Identify each call You received from Georgia Power, including (1) the date/time of such call, (2) the telephone number that made such call, and (3) whether you made any recordings of said call.

**ANSWER:  See Plaintiffs responsive and relevant documents sent with this request that list the times and dates of each text message sent to Plaintiffs cellphone ending in 4934.  Identified by Bates number PLN 001 through PLN 022.**

3.

Identify all third parties to whom You have provided consent to call You since November 1, 2016, including whether such consent was in writing.

**ANSWER:  Plaintiff has never requested any information from a telemarketer by text, fax, or email nor has he ever consented to by contacted by any of these means.  Plaintiff has not consented to be contacted by any third party or similar organization.**

4.

Identify any and all Communications (written or electronic) between You and Georgia Power.

**ANSWER:  See Plaintiffs responsive and relevant documents sent with this request that list the times and dates of each text message sent to Plaintiffs cellphone ending in 4934.  Identified by Bates number PLN 001 through PLN**

10

**022.**

5.

Did You have a relationship with Georgia Power at any time?  If so, please identify any such relationships including (1) the type of relationships (for instance, did You have a Georgia Power account); (2) the dates of the relationships; (3) the location of any such relationship (that is, the address of any location where You received service from Georgia Power); and (4) if the relationship is over, how it ended and why (for instance, You had a dispute with Georgia Power; You owed money to Georgia Power; You moved out of Georgia Power's service area).

> **ANSWER:  Plaintiff has had service with Georgia Power since 2003 at one address in Stockbridge GA.  Plaintiff has had other accounts with Georgia power in 2008 but can't remember the dates and times.**

6.

Identify all persons with whom You have had any discussion, conversations, or communications (written or verbal) about the subject matter of or the events giving rise to this lawsuit. With respect to each such Communication, identify the substance of the Communication and the date on which such Communication was made.

> **ANSWER:  Plaintiff has not had any communications with anyone else about this lawsuit.**

11

7.

Identify all civil actions, including class actions, You have commenced alleging violations of the TCPA, including the case name, case number, jurisdiction, filing date, and outcome (i.e., settlement, judgment, award).

**ANSWER:  Plaintiff objects to this Interrogatory because it calls for privileged information.  Plaintiff further objects because Plaintiff has signed a Non-Disclosure Confidentiality agreement with all other parties. Without waiving and subject to, these objections, Plaintiff states that all cases that the Plaintiff is and was involved in is public knowledge and available by quick lookup on PACER.**

8.

Identify your gross income from settlements, judgements, or other awards relating to the TCPA for each year for the past ten (10) years and state the case name, case number, jurisdiction, and filing date for each settlement, judgment, or other award identified.

**ANSWER:  Plaintiff objects to this Interrogatory because it calls for privileged information of a signed Non-Disclosure Confidentiality agreement with all other parties.  Plaintiff further objects, because he does not earn income from any settlements.**

9.

Identify all consumer advocacy groups or telemarketing groups of which You are a member, and identify any leadership position(s) You hold.

**ANSWER:  Plaintiff is not part or any such groups.**

12

10617514.5

10.

Identify all persons who have information regarding the calls which You contend You received from Georgia Power.

**ANSWER:  Myself as the Plaintiff as well as unknown Georgia Power employees.**

11.

Identify all internet forums and discussion boards relating to telemarketing and/or unsolicited calls and text messages to which You have subscribed, followed, or in which You have posted for the past five (5) years.

**ANSWER:  Plaintiff is not part or any forums or discussion boards.**

12.

Identify each and every individual You may call as an expert witness at trial, including the qualifications for any such expert, the materials reviewed by any such expert and a detailed description of the opinions to be expressed by any such expert.

in a timely fashion as required under Fed. R. Civ. P. 26(e).

**ANSWER: At this time, Plaintiff has not identified any witnesses that he may call.**

## REQUESTS FOR PRODUCTION

1.

Produce any and all Documents or Electronically Stored Information ("ESI")

identified in Your Initial Disclosures or in Your responses to the above Interrogatories.

> **RESPONSE: See Plaintiffs responsive and relevant documents sent with this request that list the times and dates of each text message sent to Plaintiffs cellphone ending in 4934. Identified by Bates number PLN 001 through PLN 022. Plaintiff does not have any other responsive documents.**

Produce any and all Documents, ESI, Statements, and/or Communications You contend establish, support, prove, form the basis of, or otherwise relate to Your allegations against Georgia Power.

> **RESPONSE: See Plaintiffs responsive and relevant documents sent with this request that list the times and dates of each text message sent to Plaintiffs cellphone ending in 4934. Identified by Bates number PLN 001 through PLN 022. Plaintiff does not have any other responsive documents**

3.

Produce any and all Documents, ESI, Statements, and/or Communications (including but not limited to contracts, billing statements, cell phone records, and/or call logs) that evidence or otherwise relate to any number for which You currently or ever have been a subscriber or regular user (including, but not limited to, any telephone number at which You claim You received a call from Georgia Power)

> **RESPONSE: Plaintiff does not have the responsive documents of billing statements and cellphone records or the requested other documents. Plaintiff only has the responsive and relevant documents sent with this request that list the times and dates of each text message sent to Plaintiffs cellphone ending in 4934. Identified by Bates number PLN 001 through PLN 022.**

4.

14

Produce any and all documents, ESI, Statements, and or communications (including   but not limited to account agreements, account statements, signature cards, brochures, marketing materials, collection letters, periodic billing statements or any other document or ESI) that evidence or relate to Your relationship with Georgia Power.

> **RESPONSE: Plaintiff objects to the request because the Federal Communication Commission (FCC) has ruled on several occasions that businesses have the obligation to produce the requested documents concerning the TCPA.  Plaintiff does not have the requested documents because Plaintiff doesn't receive a paper bill from Georgia Power.**

5.

Produce any and all Documents, ESI, Statements, and/or Communications between You and Georgia Power, including but not limited to call recordings, emails, mail, or any other electronic or tangible Communication.

> **RESPONSE: Plaintiff does not have any recordings or statements and thus do not have the responsive requested documents.  Plaintiff can produce relevant documents sent with this request that list the times and dates of each text message sent to Plaintiffs cellphone.  Identified by Bates number PLN 001 through PLN 022. Plaintiff does not have any other responsive documents**

6.

Produce any and all Documents, ESI, Statements, and/or Communications (including but not limited to recordings, call logs, screenshots from a cellular phone,

15

notes, emails, and/or letters, etc.) that evidence or relate to the calls allegedly made to You by Georgia Power (including but not limited to those on or about October 4, 2018, and thereafter).

> **RESPONSE:  Plaintiff only has screenshots of text messages to his cellphone. Plaintiff does not have any other responsive documents.  See Plaintiffs responsive and relevant documents sent with this request that list the times and dates of each text message sent to Plaintiffs cellphone.  Identified by Bates number PLN 001 through PLN 022.**

### 7.

Produce any and all Documents, ESI, Statements, and/or Communications which (1) were sent to or received from Georgia Power, or (2) which relate to any type of communications with Georgia Power (including, but not limited to, any notes relating to such communications).

> **RESPONSE: Plaintiff does not have the requested responsive documents other that what is sent with this production request.  Identified by Bates number PLN 001 through PLN 022.**

### 8.

If the cellular telephone number that You allege received calls from Georgia Power has ever been assigned to a landline and subsequently ported to a cellular telephone service, produce any and all Documents, Statements, and/or Communications related to the porting.

> **RESPONSE:  Plaintiff does not have the responsive requested documents and**

10617514.5

**the cellphone was never ported while assigned to Plaintiff.**

9.

Produce any and all Documents You received as a result of serving any and all subpoenas in this litigation.

**RESPONSE:  Plaintiff does not have the responsive requested documents.**

10.

Produce any and all Documents, ESI, Statements, and/or Communications between You and anyone relating to Georgia Power.

**RESPONSE:  Plaintiff does not have the responsive requested documents.**

11.

Produce any and all Documents related to all civil actions including but not limited to class actions You have commenced alleging violations of the TCPA.

**RESPONSE:  The documents that you're asking is privileged information and Plaintiff has signed agreements concerning other cases.  Plaintiff objects to this request as it is overly broad, irrelevant, not likely to lead to discovery of admissible information, unduly burdensome, and improperly imposed for the sole purpose of harassment to the Plaintiff.  Plaintiff further objects because Plaintiff has signed a Non-Disclosure Confidentiality agreement with all other parties.  Without waiving and subject to, these objections, Plaintiff states that all documents that are not privileged is publicly available online via Pacer.**

12.

17

10617514.5

Produce any and all Documents related to all civil actions commenced by You resulting in a monetary recovery for You.

> **RESPONSE:  The documents that you're asking for is privileged information and Plaintiff has signed non-disclosure agreements concerning other cases. Plaintiff objects to this request as it is overly broad, irrelevant, not likely to lead to discovery of admissible information, unduly burdensome, and improperly imposed for the sole purpose of harassment to the Plaintiff.**

Produce any and all transcripts of deposition and/or trial testimony that You have given in any TCPA lawsuit in which You have been a plaintiff.

> **RESPONSE:  Plaintiff is not in possession of any of the requested responsive documents.    Plaintiff does not have any other responsive documents**

14.

Produce any and all affidavits or declarations that You have submitted in any TCPA lawsuit in which You have been a plaintiff.

> **RESPONSE:  Plaintiff objects to this request as it is overly broad, irrelevant, not likely to lead to discovery of admissible information, unduly burdensome, and improperly imposed for the sole purpose of harassment to the Plaintiff.  Plaintiff also states that he doesn't have in his possession any of the requested documents, however, they are available online and publicly available.**

15.

Produce copies of any and all presentations You have given and articles or blog posts You have authored relating to telemarketing or the TCPA.

> **RESPONSE:  Plaintiff doesn't have the requested responsive documents.**

18

19.

Produce any and all Documents, Statements, and/or Communications not embraced by the preceding requests that otherwise relate to Your allegations and claims in this matter, or to Georgia Power's defenses.

> **RESPONSE: Plaintiff only has screenshots of text messages to his cellphone. Plaintiff does not have any other responsive documents. See Plaintiffs responsive and relevant documents sent with this request that list the times and dates of each text message sent to Plaintiffs cellphone. Identified by Bates number PLN 001 through PLN 022.**

Date: September 24, 2021

Respectfully Submitted,

Ricky Franklin
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com

20

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the discovery request was sent via first class priority mail on September 24, 2021 to Defendant's Counsel listed below:

**BALCH & BINGHAM LLP**

**M. ANNE KAUFOLD-WIGGINS**

**JONATHAN P. HOFFMANN**

**30 Ivan Allen Jr. Blvd. N.W. Suite 700**

**Atlanta, Georgia 30308**

**T:404-261-6020**
**F: 404-261-3646**

**COUNSEL FOR DEFENDANT Georgia Power Company**

Plaintiff, Pro-Se

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

21

10617514.5