# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **RICKY R. FRANKLIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action File No.** |
| | ) **1-19-CV-03853-MLB** |
| **GEORGIA POWER COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

_____

## DEFENDANT GEORGIA POWER COMPANY'S RESPONSES TO PLAINTIFF RICKY R. FRANKLIN'S FIRST REQUEST FOR PRODUCTIONS DIRECTED TO DEFENDANT

Defendant Georgia Power Company ("Georgia Power") responds to Plaintiff Ricky R. Franklin's ("Plaintiff") First Request for Productions to Defendant as follows:

### RESERVATIONS AND LIMITATIONS

1.      Georgia Power's responses and objections are made solely for the purposes of the above-styled action. Georgia Power reserves it right to make all objections as to competency, relevancy, materiality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of any statement made herein, if such a statement were made by a witness present and testifying in court, and may interpose such objections at the time of trial, should there be a trial in this matter.

2.      Given the ongoing COVID-19 pandemic, Georgia Power's employees have limited access to their offices and documents; therefore, Georgia Power specifically reserves the right to amend, modify, or supplement its responses to these interrogatories if additional information is

located.   Georgia Power further reserves the right to raise further objections as and when appropriate.

3.      These reservations and limitations are expressly incorporated into each of Georgia Power's specific responses set forth below and are made without waiver of any specific objections raised below.

## RESPONSES TO REQUESTS

1.      All memoranda, bulletins, or other documents contained within any computer systems within your care, custody or control which include the words, "TCPA" or "Telephone Consumer Protection Act".

**RESPONSE:  Georgia Power objects to Request No. 1 because it is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents that are not relevant to any claim or defense in this case.  The allegations of the Complaint concern the transmission of text messages to a phone number associated with a PrePay account.  Even discovery of documents containing "TCPA" or "Telephone Consumer Protection Act" related to solely text messages sent to phone numbers associated with PrePay accounts would be overbroad, unduly burdensome, and not proportional to the needs of the case, because the mere presence of the words "TCPA" or "Telephone Consumer Protection Act" does not make any material fact more or less likely to be proven or disproven. As such, discovery of every document in Georgia Power's possession containing the words "TCPA" or "Telephone Consumer Protection Act" is not proportional to the needs of the case.  Further, the request clearly does not lend itself to the discovery of materials that govern specific behavior that could be subject to this suit. In other words, "bulletins" or "memorandum" are broad**

2

declarations that do not typically address specific scenarios, such as text messages for PrePay accounts (as are the only communications at issue here). As such, this request is drafted in a manner to necessarily avoid being tailored or proportional to the needs of the case.

Georgia Power also objects because this request is not in any way tailored to the needs of this case, making it unduly burdensome, overly broad, and not proportional to the needs of the case. More specifically, this Interrogatory treats *all* portions of the TCPA equally whether they are alleged in, relevant to, or in any way related to this case. Accordingly, *any* discovery into compliance with portions of the TCPA not at issue here is necessarily irrelevant, overly broad, unduly burdensome, and not proportional to the needs of this case.

Accordingly, Request No. 1 is not in accord with Federal Rule of Civil Procedure 26(b).

2.       All memoranda, bulletins, or other documents which address the formulation, maintenance, or enforcement of any policies, procedures, or practices concerning the TCPA.

RESPONSE: Georgia Power incorporates by reference its response, including objections, to Request No. 1. Georgia Power further objects to Request No. 2 as it seeks information irrelevant to the issues in this case, which deals solely with the sending of text messages to a phone number. Policies, procedures, and practices concerning the TCPA in any regard are not related to any claim or defense in this suit.

Georgia Power further objects because this Request impermissibly shifts the burden of proof. Georgia Power has no obligation to prove compliance with the TCPA, and Plaintiff bears sole responsibility for proving Georgia Power's non-compliance with the TCPA. As

3

such, general, non-specific practices that address compliance with the TCPA are simply irrelevant. Georgia Power also objects because this request is not in any way tailored to the needs of this case, making it unduly burdensome, overly broad, and not proportional to the needs of the case. More specifically, this Request treats *all* portions of the TCPA equally whether they are alleged in, relevant to, or in any way related to this case. Accordingly, *any* discovery into compliance with portions of the TCPA not at issue here is necessarily irrelevant, overly broad, unduly burdensome, and not proportional to the needs of this case.

3.     Any scripts used, directions, decision trees, or other similar materials used to instruct your employees or agents in how to call and send text messages to consumers.

**RESPONSE:** Georgia Power objects to Request No. 3 to the extent it is based on erroneous assumptions or to the extent it misstates facts.  Georgia Power did not make any voice calls to the phone number to which the Complaint refers, nor are any voice calls alleged in the Complaint. Accordingly, discovery concerning voice calls (and thereby "scripts") is irrelevant and overly broad, and responding to it thereby unduly burdensome, and not proportional to the needs of this case.  Furthermore, how Georgia Power instructs its employees is not relevant to the allegations of the Complaint, which only concern whether Georgia Power sent text messages in violation of the TCPA.

Subject to and without waiving these objections, Georgia Power will conduct a reasonable review of its records and produce any "decision tree" or similar materials related to sending text messages to PrePay accounts, if any.

4

4.      All evidence to support your affirmative defenses in this case.

**RESPONSE: Georgia Power objects to Request No. 4 to the extent it seeks information already contained in Georgia Power's responses to Plaintiff's other interrogatories and requests for production.  Georgia Power has produced or will produce information responsive to this Request in response to Plaintiff's other requests and interrogatories.  Therefore, the information sought by this Request is just as easily accessed by Plaintiff as it is by Georgia Power, making this Request unduly burdensome, and therefore not proportional to the needs of this case under Rule 26(b).**

**Georgia Power further objects to this request to the extent it seeks information regarding Georgia Power's legal defenses and actions taken in contemplation of this lawsuit. Such information is protected by the attorney-client privilege or work product doctrine, as it would relate to actions made on advice of counsel or communications between Georgia Power and its counsel. And to the extent such information is not so protected, the Request would remain objectionable as seeking to require disclosure of documents outside of the sequence prescribed by applicable rules (e.g., Fed. R. Civ. P. 26) or court orders, which dictate which documents, if any, that support Georgia Power's position should be produced, if ever.**

**Finally, Georgia Power also objects to this Request as an impermissible "blockbuster" request.  Plaintiff is asking Georgia Power to assemble all of the information needed to support its defenses into a compilation of documents. Such "blockbuster" discovery requests do not comport with the goals of the rules of civil procedure. *See High Point SARL v. Sprint***

5

*Nextel Corp.*, No. CIV.A. 09-2269-CM, 2011 WL 4036424, at \*19 (D. Kan. Sept. 12, 2011) (disapproving of "blockbuster" interrogatories that "require the responding party to provide the equivalent of a narrative of its entire case together with identification of virtually all supporting evidence for each and every fact"); *Koster v. Landmark Am. Ins. Co.*, No. 5:14-CV-689-OC-37PRL, 2016 WL 3014605, at \*4 (M.D. Fla. May 20, 2016).

5.      All agreements, contracts, correspondence, communications, or emails with any Third Party to send, collect, aggregate, pool together any calls sent on your behalf to consumers as well as Plaintiffs cellphone as alleged in the complaint.

**RESPONSE: Georgia Power objects to Response No. 5 to the extent it assumes erroneous facts or to the extent it states incorrect facts. With regards to all communications sent to the phone to which the Complaint refers, Georgia Power does not collect, aggregate, or pool messages to be sent. To the contrary, such messages are triggered by individual, account-specific circumstances that result in targeted, individual messages being sent to customers. For further information regarding this process, Georgia Power refers Plaintiff to Georgia Power's objections and response to Interrogatory No. 2. Subject to and without waiving this objection, Georgia Power does not have any documents responsive to Request No. 5.**

6.      All evidence that detail how the calls as alleged in the complaint were initiated to the Plaintiff to include the systems manual and any manuals for any text messaging systems used.

6

**RESPONSE: Georgia Power objects to Request No. 6 to the extent it assumes erroneous facts or to the extent it states incorrect facts. Georgia Power did not make any voice calls to the phone number that is the subject of the Complaint, nor are such voice calls alleged in the Complaint. Subject to and without waiving this objection, Georgia Power refers Plaintiff to Georgia Power's objections and responses to Interrogatory Nos. 2 and 8, and Georgia Power will conduct a reasonable review of its records and produce any responsive documents regarding the system under Georgia Power's control that participate in the processes outlined in Interrogatory Nos. 2 and 8, if any.**

7. All documents related to any phone systems in place at the Defendants from for the 4 years prior to the filing of this lawsuit to include the dialer manual and all documents which detail the capacity to initiate calls and system used to initiate calls.

**RESPONSE: Georgia Power objects to Request No. 7 to the extent it assumes erroneous facts or to the extent it states incorrect facts. Georgia Power did not make any voice calls to the phone number implicated in the Complaint, nor are such voice calls alleged in the Complaint. As such, discovery concerning voice calls is irrelevant and overly broad, and responding to it thereby unduly burdensome, and not proportional to the needs of this case.**

**Georgia Power further objects to this Request because of Plaintiff's defining of "Predictive Dialer," "Auto Dialer," and "Dialer" to include any "calling system or, outbound calling system that automatically dials from a list of telephone numbers." An "automatic telephone dialing system," as used in the TCPA, is a term of art and its definition is a matter**

7

of statutory interpretation.  **The Supreme Court of the United States, in *Facebook v. Duguid*, held an automatic telephone dialing system is one that "must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Id.* at 1167.  In accordance with that definition, Georgia Power does not have any "dialer manual" in its possession, as it does not use an automated telephone dialing system.**

**Georgia Power further objects to this Request as it is overbroad.  Plaintiff requests information relating to the four years prior to the filing of this suit, but all of the text messages alleged in the complaint were sent from October 2018 to November 2018. Therefore, Plaintiff's request for information going back to 2016 is unduly burdensome and seeks irrelevant information.**

**Subject to and without waiving these objections, Georgia Power incorporates by reference its objections and response to Request No. 6.**

8.      All text messaging records and logs that the Defendant has in its possession relating to contacting Plaintiff on his cell phone number ending in 4934.

**RESPONSE: Georgia Power will produce all responsive documents in its possession.**

9.      all documents which form the basis of your contention that the Defendant, or any of his representatives, agents or employees, are not responsible for violating the Telephone Consumer Protection Act, ("TCPA") 47 USC 227 et seq.

8

RESPONSE: Georgia Power objects to Request No. 9 to the extent it seeks information regarding Georgia Power's legal defenses and actions taken in contemplation of this lawsuit, as such information is protected by the attorney-client privilege or work product doctrine.

Georgia Power further objects to this Request to the extent it seeks information already contained in Georgia Power's responses to Plaintiff's other interrogatories and requests for production. Georgia Power has produced or will produce information responsive to this Interrogatory in response to Plaintiff's other requests and interrogatories. Therefore, the information sought by this Request is just as easily accessed by Plaintiff as it is by Georgia Power, making this Request unduly burdensome, and therefore not proportional to the needs of this case under Rule 26(b).

Georgia Power further objects to the extent this Request impermissibly shifts the burden of proof. Georgia Power has no obligation to prove compliance with the TCPA, and Plaintiff bears sole responsibility for proving Georgia Power's non-compliance with the TCPA.

Finally, Georgia Power also objects to this Request as an impermissible "blockbuster" request. Plaintiff is asking Georgia Power to assemble all of the information needed to support its defenses into a compilation of documents. Such "blockbuster" discovery requests do not comport with the goals of the rules of civil procedure. *See High Point SARL v. Sprint Nextel Corp.*, No. CIV.A. 09-2269-CM, 2011 WL 4036424, at *19 (D. Kan. Sept. 12, 2011) (disapproving of "blockbuster" interrogatories that "require the responding party to provide the equivalent of a narrative of its entire case together with identification of virtually

9

all supporting evidence for each and every fact"); *Koster v. Landmark Am. Ins. Co.*, No. 5:14-CV-689-OC-37PRL, 2016 WL 3014605, at *4 (M.D. Fla. May 20, 2016).

Subject to and without waiving these objections, Georgia Power refers Plaintiff to Georgia Power's objections and response to Interrogatory No. 2 and the objections and document(s) produced in response to Request No. 8, which is an exhaustive list of communications sent to the phone to which the Complaint refers.

10.     Any manuals to include servers, or exchanges, or modems, that describe in detail the entire process of sending text messages to your potential workers.

**RESPONSE: Georgia Power objects to Request No. 10 as it is vague and ambiguous. It is unclear whether the Request seeks documents that describe to Georgia Power's potential workers the process of sending messages, or documents describing the process of sending messages to potential workers. In either case, Georgia Power objects to this Request as overbroad and irrelevant. The information Georgia Power shares with its potential employees is not related to the allegations in this case, and there is no allegation in the Complaint Plaintiff was a potential worker who received messages from Georgia Power. The allegations in the Complaint relate solely to Georgia Power's sending of text messages to PrePay customers. As such, discovery concerning what messages Georgia Power sends its prospective workers or information it shares with them is irrelevant and overly broad, and responding to it thereby unduly burdensome, and not proportional to the needs of this case.**

**Subject to and without waiving these objections, Georgia Power has no documents related to sending text messages to potential workers.**

10

11.     The name of the manufacturer or programmer if different for the system used to call Plaintiffs cellphone ending in 4934.

**RESPONSE: Georgia Power objects to Request No. 11 to the extent it assumes erroneous facts or to the extent it states incorrect facts.  Georgia Power did not make any voice calls to the Phone Number, nor are such voice calls alleged in the Complaint.  As such, discovery concerning voice calls is irrelevant and overly broad, and responding to it thereby unduly burdensome, and not proportional to the needs of this case.  Subject to and without waiving this objection, Georgia Power has no responsive documents because no such calls occurred, and Georgia Power further directs Plaintiff to Georgia Power's objections and response to Interrogatory No. 2.**

12.     Any other documentary evidence that you may produce at trial.

**RESPONSE:  Georgia Power objects to Request No. 12 because it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product or privileged attorney-client communication, or is otherwise privileged.  Subject to and without waiving this objection, Georgia Power will produce everything the Federal Rules of Civil Procedure and the Local Rules require to it produce in accordance with those rules or any applicable order of the Court.**

13.     The names of any 3ʳᵈ party marketing company used to text Plaintiffs cellphone.

**RESPONSE:  Georgia Power has no documents responsive to Request No. 13.**

11

Respectfully submitted this 20th day of September, 2021.

/s/ M. Anne Kaufold-Wiggins
M. Anne Kaufold-Wiggins
Georgia Bar No. 142239
Email: awiggins@balch.com

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Boulevard, N.W.
Suite 700
Atlanta, GA 30308
Telephone:     (404) 261-6020
Facsimile:      (404) 261-3656

Jonathan P. Hoffmann
Email: jhoffmann@balch.com

**BALCH & BINGHAM LLP**
1901 6th Avenue North
Suite 1500
Birmingham, AL 35203
Telephone:     (205) 251-8100
Facsimile:      (205) 226-8799

*Attorneys for Defendant GEORGIA POWER COMPANY*

12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by placing

a copy of same in the United States Mail and United States Certified Mail, properly addressed and

postage prepaid, on this the 20th day of September, 2021:

Ricky R. Franklin
708 Brambling Way
Stockbridge, Georgia 30281

/s/ Jonathan P. Hoffmann

13